UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re:

Robert Austin

    Debtor

Sylvania Township, Ohio
4927 N. Holland Sylvania Road
Sylvania, Ohio 43560

    Plaintiff

vs

Robert Austin, Debtor
6546 Carrietowne Ln
Toledo, Ohio 43615
    Defendant

Case No. 25-30399 JPG

ADV CASE NO.

Chapter 13

Judge John P. Gustafson

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT
PURSUANT TO 11 USC SECTION
523(a)(2)(A)

JULIA R. BATES
Lucas County Prosecuting Attorney
By: Suzanne Cotner Mandros (#0002157)
John A. Borell (#0016461)
Andrew K. Ranazzi (#0040617)
Elaine B. Szuch (#008332)
Assistant Prosecuting Attorneys
Attorneys for Plaintiff Sylvania Township
One Government Center, Ste. 500
Toledo, OH 43604
Phone: (419) 213-2145
Fax: (419) 213-4070
Registration #0002157
Email: scmandross@hotmail.com

---

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 USC Section 1334 and 11 USC Section 523, venue is proper under 28 USC Section 1409. This is a core proceeding under 28 USC Section 157(b)(2)(I).

2. This adversary proceeding is brought pursuant to 11 USC Section 523(a)(2)(A) and Fed. R. Bankr. P. 4007 and 7001(6).

## PARTIES

3. Plaintiff Sylvania Township is a Limited Home Rule Township organized under Chapter 504 of the Ohio Revised Code located in Lucas County, Ohio and is a creditor of the defendant, Robert Austin, in the above captioned Chapter 13 proceeding. Sylvania Township is authorized to bring this action pursuant to Revised Code Section 117.28.

4. Julia R. Bates, Lucas County Prosecuting Attorney, serves as the plaintiff's Law Director, pursuant to Revised Code Section 504.15 and is authorized to bring this action pursuant to Revised Code Sections 117.27 and 117.28.

5. At all times relevant, Defendant Robert Austin was employed as a police officer by Sylvania Township and is the subject of a Finding for Recovery issued by the Ohio Auditor of State on October 11, 2024.

## FACTUAL BACKGROUND

6. Defendant Robert Austin was employed with the Sylvania Township Police Department.

7. Defendant Austin was married in Las Vegas, Nevada in November, 2014. At the time of this marriage, Austin was still legally married to his first wife, until May of 2015. Therefore his November 2014 marriage was invalid under law.

8. In January 2016, Defendant submitted a written request to Sylvania Township to change his health insurance enrollment status from Single to Employee plus Spouse which was approved by Sylvania Township.

9. Sylvania Township's health insurance plan is only available to legal spouses and dependents of the employee. Austin's purported second wife was not a legal spouse and was not entitled to health insurance benefits under the Township's health insurance plan.

10. From January 1, 2016 through May 2, 2023, when he resigned, Sylvania Township paid health insurance premiums and health savings account contributions based upon the false written representation of defendant that he was legally married to his purported second wife.

11. The total amount paid by the Township for Employee plus Spouse coverage was $134,862.16 the amount that should have been paid for single coverage was $65,163.68.

12. The total amount of overpayment by the Township attributable to the false representation totaled $69,698.48.

## STRICT LIABILITY CLAIM

13. Plaintiff restates and realleges all averments contained in paragraphs 1 through 12 above.

14. Defendant is a public officer pursuant to Revised Code Sections 117.01(D) and 117.01(E).

15. Defendant is therefore, pursuant to Section 9.39 of the Ohio Revised Code, strictly liable for the misapplication and misuses of public funds at Sylvania Township in the amount of $69,698.48 and the Plaintiff Township is entitled to a judgment against Defendant Austin in that amount.

## STATUTORY LIABILITY CLAIM

16. Plaintiff restates and realleges all averments contained in paragraphs 1 through 15 above.

17. The Auditor of the State of Ohio, pursuant to Revised Code Section 117.28, issued a Finding for Recovery for public monies illegally expended against defendant Robert Austin in

the amount of $69,698.48 and in favor of Sylvania Township Police Fund in the amount of $69,698.48.

18. Certified copies of the audit report were forwarded to the Plaintiff and its Law Director. A copy of such order is attached hereto and labeled Exhibit A.

19. Plaintiff Sylvania Township is therefore entitled to judgment against defendant Austin in the amount of $69,698.48.

## NONDISCHARGEABILITY CLAIM

20. Plaintiff restates and realleges all averments contained in paragraphs 1 through 19 above.

21. Defendant knowingly and intentionally misrepresented his marital status in his written request to Sylvania Township to change his health insurance enrollment status from Single to Employee plus Spouse in order to obtain benefits to which he was not legally entitled. Defendant obtained these benefits from Sylvania Township by false pretenses, false representation or actual fraud within the meaning of 11 USC Section 523(a)(2)(A) by his actions.

22. Plaintiff justifiably relied to its detriment on defendant's false statements and misrepresentation in approving and continuing the spousal health insurance coverage from 2016-2023.

WHEREFORE, Plaintiff, Sylvania Township prays that the Court recognize the debt to Sylvania Township in the amount of $69,698.48 be found nondischargeable pursuant to 11 USC

Section 523(A)(2)(A) and for further relief that the Court deems just and equitable.

Respectfully submitted,

JULIA R. BATES
LUCAS COUNTY PROSECUTING ATTORNEY


By: /s/ Suzanne C. Mandros
    Suzanne C. Mandros
    John A. Borell
    Andrew K. Ranazzi
    Elaine B. Szuch
    Assistant Prosecuting Attorneys
    Attorneys for Plaintiff Sylvania Township